The Honorable R. Gunner DeLay Prosecuting Attorney Twelfth Judicial District Sebastian County Courthouse 35 South 6th Street Fort Smith, AR 72901
Dear Mr. DeLay:
I am writing in response to Chief Deputy Prosecuting Attorney Daniel Shue's request, on behalf of Sebastian County Judge David Hudson, that I review and approve a proposed "Intergovernment Agreement" between Sebastian County, Arkansas and the cities of Greenwood, Arkansas, Barling, Arkansas, and Central City, Arkansas, concerning the Greenwood District Court and the city courts of the named cities (hereinafter "Agreement"). Although the Agreement contains no reference to A.C.A. §§ 25-20-101 — 108, the "Interlocal Cooperation Act," Mr. Shue relates that Judge Hudson has asked that it be submitted to my office for review and approval.[1]
RESPONSE
In my opinion, the Agreement is not governed by the Interlocal Cooperation Act. Accordingly, my approval of the Agreement is not necessary. I will nevertheless note, as discussed further below, that a bill currently pending in the legislative session authorizes a county and city to share one half of the salary of a so-called "pilot state district court judge." The bill, Senate Bill 235, has not become law at the time of the issuance of this opinion. *Page 2 
The Interlocal Cooperation Act provides that I must review any agreement entered under that act to determine both whether the agreement is in proper form and whether it is otherwise compatible with state law. A.C.A. § 25-20-104(f)(1). The legislature has identified the purpose of the Interlocal Cooperation Act as follows:
 It is the purpose of this chapter to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.
A.C.A. § 25-20-102 (Repl. 2002) (emphasis added).
Consistent with the intent to facilitate mutual endeavors through regionally appropriate "forms of governmental organization," the act authorizes agreements for "joint cooperative action" and contemplates a "joint or cooperative undertaking," with a budget and a separate legal or administrative entity, or an administrator or joint board.See A.C.A. § 25-20-104(b)-(d).
Having reviewed the submitted Agreement, I am certain that it is not an agreement requiring my approval pursuant to the Interlocal Cooperation Act. It does not create a particular governmental organization to effectuate a joint undertaking, or otherwise memorialize a cooperative agreement as contemplated by that act. Instead, it proposes a formula for sharing the cost of one-half of the salary of the Greenwood District Court Judge, in anticipation of legislation adopting a report to the legislature entitled "Report of the Legislative Task Force on District Courts" (hereinafter "Report"), which was presented to the Senate and House interim judiciary committees on September 1, 2006, in accordance with Act 1849 of 2005. This is reflected in the following excerpts from the Agreement:
 WHEREAS; the Task Force recommended that the State of Arkansas would pay ½ of the salary of the district Judge participating in the pilot project . . . and the other ½ of the District Judge salary to be paid by a cost-sharing formula agreed to by the local governments involved (City of Greenwood, Barling, Central City and Sebastian County, Arkansas); and *Page 3 
 WHEREAS; it has been proposed that an agreement be reached between the Cities of Greenwood, Barling, Central City and Sebastian County, Arkansas to [sic] the ½ of the District Judge's salary upon enactment of the Task Force Recommendation and the effective date thereof of January 1, 2008 with Sebastian County, Arkansas paying 60% of ½ of the salary; city of Greenwood paying 20% of ½ thereof, City of Barling paying 15% of ½ thereof and Central City paying 5% of ½ thereof.
Agreement at 1 (emphasis added).
The referenced Act 1849 of 2005 created the Legislative Task Force on District Courts and directed it to "conduct a comprehensive study of the transition of district judges to state employee status and the funding and role of district courts." Acts 2005, No. 1849, § 1(a) and (c)(1). The study was to include, inter alia:
 (A) The adoption of a process to merge existing district judges into a unified three tiered court system;
 (B) The transition of district judges to state employees;
 (C) The retention and allocation of court costs, fines and other revenues;
 (D) The merger of existing city and police courts into district courts;
Id. at (c)(1).
As reflected in the Agreement you have submitted for my review, the Report recommended the selection of up to twenty district judges to participate in a "pilot program" under which such judges would assume the duties of all city judgeships in the pilot program counties, with the city courts continuing as departments of the appropriate district court, unless a city decided to discontinue its court. See Report (under "Recommendations"). The Report further recommended a "cost-sharing formula" in which the state and local governments within a pilot program county would "share equally the salary of the district judge with the state paying all benefits, including retirement, FICA, and insurance."Id. *Page 4 
There is currently a bill pending in the regular legislative session to adopt such a "pilot program." Senate Bill 235 establishes nineteen "pilot state district court judgeships" from twelve named counties or judicial districts of a county that "shall participate in a program of full-time pilot state district court judges." See SB 235 at Section 2 (adding subsection 16-17-1103(a) and (b) to Ark. Code Title 16, Chapter 17). The bill requires the consolidation of a number of city courts with district courts, and states that each of the identified city courts "[s]hall continue to exist as a department of that pilot state district court unless abolished by town or city ordinance[.]" Id.
(adding subsection 16-17-1105(a) and (b)).
Of particular relevance to the Agreement at hand, SB 235 provides in relevant part as follows under subsection 16-17-1106(b) regarding "Salary of pilot state district court judges — Cost-sharing:"
 (1)(A) Each county and town or city that has a pilot state district court judgeship created under this subchapter shall pay to the state an amount equal to its proportionate share of one-half (1/2) of the base salary established by law for that county and town or city's pilot state district court judge.
 * * * (2)(A) Nothing in this section prohibits a county and town or city that has a pilot state district court judgeship created under this subchapter from agreeing in writing on the amount to be paid to the state by the county and the city or town for its proportionate share of one-half (1/2) of the salary established by law for its pilot state district court judge.
Sebastian County is included among the named participating counties under the bill. Id. at subsection 16-17-1103(b). The Greenwood District Court Judgeship is therefore one of the nineteen "pilot district court judgeships." Id. at (a).[2] Additionally, the city courts in Barling and Central City are among those to be consolidated with the "pilot state district court," i.e., the Greenwood District Court. Id. at subsection 16-17-1105. Accordingly, if SB 235 is enacted into law, *Page 5 
it seems that the new A.C.A. § 16-17-1106(b)(2((B), supra, will authorize an agreement such as the one you have submitted.
In my opinion, however, such an agreement is distinct from the type of "joint or cooperative undertaking" authorized under the general authority of the Interlocal Cooperation Act, discussed above.Cf. Ops. Att'y Gen. Nos. 97-413 (declining to apply the Interlocal Cooperation Act to an agreement, entered pursuant to A.C.A. §26-74-214(b)(2) (Repl. 1997), establishing a sales tax distribution formula other than per capita) and 93-134 (same regarding an agreement concerning the distribution of payments received in lieu of taxes, entered pursuant to A.C.A. § 14-164-703).
I therefore conclude that my review and approval of the Agreement is unnecessary. The Agreement is not an "Interlocal Agreement" under the Interlocal Cooperation Act. Nor will it constitute such an agreement if SB 235 is enacted into law. Rather, the Agreement in that event will be entered pursuant to separate statutory authority, apart from the Interlocal Cooperation Act.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A subsection of the Interlocal Cooperation Act, A.C.A. §25-20-104(f) (Repl. 2002), provides that I must review any agreement entered under that act.
[2] Sebastian County has two district courts, one in Fort Smith and one in Greenwood. See A.C.A. § 16-17-905 (Supp. 2005). Under current law, Sebastian County pays ninety percent of the Greenwood District Court Judge's salary and the City of Greenwood pays ten percent. A.C.A. § 16-17-108(a)(101) (Supp. 2005).